# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **ERIC BERNARD SHIELDS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV914 ERW |
| | ) | |
| **UNITED STATES POSTAL** | ) | |
| **SERVICE, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Eric Shields for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915 [Doc. #2]. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 ( 2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint

The instant complaint is one of several plaintiff - a frequent filer - has brought against the United States Postal Service and others alleging that he was treated unfairly during the settlement process in a previous lawsuit. E.g., Shields v. United States Postal Service, 4:06CV51 CAS (E.D. Mo.) (dismissed as frivolous, February 9, 2006); Shields v. United States Postal Service, 4:04CV1377 CAS (E.D. Mo.) (dismissed as frivolous, December 20, 2004); Shields v. United States Postal Service, No. 4:07CV918 ERW (E.D. Mo.) (dismissed as frivolous, June 6, 2007). Each of these prior actions was dismissed as frivolous As a consequence, this case is also frivolous and shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate order of dismissal shall accompany this Memorandum and Order.

So Ordered this 20th Day of September, 2007.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE